THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JOHN C. ROHR, | ) Case No. 2:10CV00296 DS |
| Plaintiff, | ) |
| vs. | ) |
| | ) MEMORANDUM DECISION |
| | )        AND ORDER |
| ALLSTATE FINANCIAL SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Beginning in August of 2006, Plaintiff John Rohr began working with Allstate Financial Services ("Allstate") in Florida as an Exclusive Financial Specialist ("EFS") selling and servicing Allstate life insurance policies and other financial services products. Because he was going through issues in his personal life, and because he wanted to live near the mountains for skiing and hiking, and because his wife had a job opportunity in Utah, Mr. Rohr expressed to Allstate a desire to work as an EFS in Utah. Mr. Rohr relocated to Utah at his own expense in January of 2008.

On February 4, 2008, after moving to Utah, Mr. Rohr signed the Allstate L2000S Exclusive Financial Specialist Independent Contractor Agreement (the "Agreement"), which contains the

following integration clause.

"This Agreement is the sole and entire agency agreement between the Company [Allstate] and you, and it supersedes and replaces any prior employment agency, or other agreement between the Company [Allstate] and you.  This Agreement also supersedes any prior oral statements and representations by the Company [Allstate] to you...."

Agreement, ¶ I.B., attached to Mem. Supp. as Ex. B.

Mr. Rohr failed to meet Allstate's minimum production requirement during 2008, and elected to resign his position rather than be terminated by Allstate.  This litigation followed.

Mr. Rohr claims that various oral statements regarding his potential success and guaranteeing him $100,000 in annual income, allegedly made by Allstate employee Mark Anderson before he relocated to Utah, constituted an oral agreement in addition to the parties' written agreement. The Complaint contains five claims: (1)breach of contract, (2)breach of the duty of good faith and fair dealing, (3)promissory estoppel, (4)negligent misrepresentation, and (5)fraudulent inducement/intentional misrepresentation. Allstate moves for summary judgment (Doc. #22) under Fed. R. Civ. P. 56 on all five claims of the Complaint.

## II.   SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The burden of establishing the nonexistence of a genuine issue of

material fact is on the moving party.[1]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242.

### III. DISCUSSION

**A. Breach of Contract (Claim I); Breach of the Covenant of Good Faith and Fair Dealing (Claim II).**

By failing to contest Allstate's motion for summary judgment as to his claims for breach of contract (Claim I) and breach of the covenant of good faith and fair dealing (Claim II), the Court agrees with Allstate that Mr. Rohr concedes those claims.

---

[1] Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

It is undisputed that the Agreement contains an integration clause and that the Agreement could only be modified by an express written document. Because no such modification of the Agreement exists, the Agreement is the only contract between Allstate and Mr. Rohr relating to his appointment as an EFS. Mr. Rohr admits that his breach of contract claim is based only on the alleged oral contract which would modify the terms of the Agreement. Because the alleged oral statements were made before Mr. Rohr signed the Agreement, his breach of contract claim must fail.

Similarly, Mr Rohr's breach of the covenant of good faith and fair dealing claim also fails. The covenant of good faith and fair dealing cannot be construed to establish new, independent rights or duties that are inconsistent with express contractual terms. *Young Living Essential Oils, LC v. Marin*, 266 P.3d 814 (Utah 2011). Because there is no enforceable oral agreement, Mr. Rohr's claim for breach of the covenant of good faith and fair dealing must fail.

### B. Promissory Estoppel (Claim III), Negligent Misrepresentation (Claim IV), Fraudulent Inducement/Intentional Misrepresentation (Claim V).

#### (1) reasonable reliance

The essence of Mr. Rohr's material allegations is that Anderson represented to him that he could easily make $100,000 per year working as an ESF in Utah, that there were sufficient

referrals to allow him to make $100,000[2], and that Anderson would do everything possible to ensure Rohr's success after he moved. Mr. Rohr's lawsuit is based on Allstate's purported violation of the alleged oral agreement arising from Anderson's representations. For purposes of the present motion, Allstate does not dispute these material allegations. *See* Reply, pp 11-18.

As Allstate notes, each of Mr. Rohr's remaining claims requires that he reasonably relied on Anderson's alleged statements.[3] Based on the undisputed facts presented, the Court agrees with Allstate that Mr. Rohr's reliance on Anderson's alleged misrepresentations was unreasonable as a matter of law. *See Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1067 (Utah 1996)(courts may hold that reliance was not reasonable as a matter of law).

---

[2]To facilitate sales of their financial services products, Allstate assigns EFS's to work with specific property and casualty insurance agencies so that EFS's can cross-sell financial products to existing customers.

[3]To prevail on a claim for promissory estoppel, a plaintiff must establish, among other elements, that "[t]he plaintiff acted with prudence and in reasonable reliance on a promise made by defendant". *Youngblood v. Auto-Owners Ins. Co.*, 158 P. 3d 1088, 1092 (Utah 2007)(citation omitted). A claim for negligent misrepresentation, among other things, "require[s] reasonable reliance on a misrepresentation of material fact." *Olsen v. University of Phoenix*, 244 P.3d 388, 390 (Utah App. 2010). And to prove fraudulent inducement, Mr. Rohr must establish, among other elements, that he acted reasonably and in ignorance of the falsity of the alleged representation. *Daines v. Vincent*, 190 P.3d 1269, 1279 (Utah 2008).

5

The Agreement by express language was the only agreement between the parties. It replaced and superseded any other agreement that may have existed between the parties. The Agreement contains no provision that Mr. Rohr would be guaranteed income of $100,000 per year. Indeed, the Agreement specified that Mr. Rohr's sole compensation under the Agreement would be commissions based on sales. Mr. Rohr acknowledged that he had read the Agreement and understood and agreed to its terms and conditions. Mr. Rohr makes much of the fact that he did not sign the Agreement until he arrived in Utah. But it is un-controverted that the Agreement is identical to the one he signed when he became an ESF for Allstate in Florida in 2006. Therefore, he was aware of the substance of the contract before he came to Utah. *See Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1068 (Utah 1996)("a party cannot reasonably rely upon oral statements by the opposing party in light of contrary written information").

Moreover, because Mr. Rohr had worked on commission as an EFS for Allstate in Florida he was aware that his income in Utah likewise would be based on the sales he made. He had to have known and understood that income based on commissioned sales is subject to a variety of factors, that it is inherently uncertain, and that it is anything but guaranteed. Indeed, the Agreement provides that commissions may decrease or increase "due to the inherent

uncertainty of business conditions". Agreement, ¶ XV, attached to Mem. Supp. as Ex. B.

Furthermore, Mr. Rohr was given access to representatives for at least some of the insurance agencies that he would be assigned. After visiting with representatives from several agencies, he concluded that their production numbers were "fairly low". Rohr Dep. 60:7-15; 61:10-11; 63:14-25; 64:23-24. Yet he failed to further investigate the production potential of the Utah County agencies where he would be working. Although he disputes that he "did not ultimately know which agents or agencies he would be assigned", Opp'n Mem. at 14, there is no viable evidence that such information was unobtainable. Based on the totality of circumstances, Mr. Rohr was on notice to conduct further investigation regarding Allstate's alleged misrepresentations as to commission income potential and agency support. Because he did not investigate further, his reliance on the alleged misrepresentations was not reasonable. *See Condor v. A.L. Williams & Assoc., Inc.*, 739 P. 2d 634, 638 (Utah App. 1987)(a plaintiff cannot rely on assertions of fact "where under the circumstances, the facts should make it apparent to one of his knowledge and intelligence, or he has discovered something which should serve as a warning that he is being deceived..." and in such situations, "a plaintiff is required to make his own investigation").

Based on the forgoing, the Court concludes as a matter of law that it was not reasonable for Mr. Rohr to rely on the representations alleged to the effect that Allstate was specifically promising him $100,000 in annual income.

**IV CONCLUSION**

For the reasons stated, as well as for those additional reasons outlined by Allstate in its pleadings, Allstate's Motion for Summary Judgment (Doc. #22) is granted and Mr. Rohr's Compliant is dismissed.

IT IS SO ORDERED.

DATED this 28th day of August, 2012.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT